# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MONA G. RIEKKI, ) | Case No. 2:15-cv-02370-GMN-NJK |
|         Plaintiff(s), ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| BANK OF AMERICA, et al., ) | |
|         Defendant(s). ) | |

Pending before the Court is a stipulation to extend the deadline for Defendant CCO Mortgage ("CCO") to respond to the complaint. Docket No. 54. The stipulation also makes clear that CCO was served in this case 10 months ago, on November 19, 2015. *See id.* at 2; *see also* Docket No. 23. No explanation is provided why CCO has not yet appeared.

Moreover, and significantly, Plaintiff provides no explanation why she has failed to act with respect to CCO during the preceding 10 months. In the interim, the case has progressed with respect to the other defendants and, indeed, discovery closed more than two months ago and the deadline for filing dispositive motions lapsed more than a month ago. *See* Docket No. 44. Indeed, Plaintiff has failed to comply with the deadline for filing a joint proposed pretrial order. *See id.* (establishing deadline of September 16, 2016). In short, this case should be on the eve of trial. Given these circumstances, Plaintiff shall appear for a show cause hearing to explain why the case against CCO should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 631-33 (1962) (courts may dismiss *sua sponte* for failure to prosecute). That show cause hearing

is SET for 2:00 p.m. on September 29, 2016, in Courtroom 3A.[1]  The Court will also entertain argument at that time as to the stipulation to extend.  Counsel for both Plaintiff and CCO must be present in person for the hearing.

      IT IS SO ORDERED.

      DATED: September 21, 2016

                                              NANCY J. KOPPE
                                              United States Magistrate Judge

---

[1] In determining whether to dismiss an action for failure to prosecute, courts weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Counsel shall be prepared to address each of these factors at the hearing.